12901

SPEARS v. OBSERVER CO.

(152 S. E., 813)

Messrs. E. A. Hilker, and J. W. LeGrand, for appellant,

· *Mr. J. E. Dudley, Jr.,* for respondent,

April 18, 1930.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

This action by C. D. Spears, plaintiff, against the Observer Company, defendant, was commenced in the Court of Common Pleas for Marlboro County, January 26, 1928, for recovery of damages for the alleged violation of a contract. Issues being joined, the case was tried before his Honor, Judge T. J. Mauldin, and a jury, December 3, 1928, and resulted in a verdict for the plaintiff in the sum of $1,-000 as actual damages. From the entry of judgment on the verdict, the defendant has appealed to this Court.

The appellant presents several exceptions, but, under our view of the case, we shall consider only the exception which imputes error to the trial Judge in refusing the motion for a nonsuit, based upon the ground that there was no proof that the defendant violated the contract in question, which contract was as follows:

"CONTRACT

"Date Aug. 7, 1926.
"To The Observer Company, Charlotte, N. C.

"Starting with the issue of August 9, 1926, you may furnish to C. D. Spears of Bennettsville (State), S. C., such copies of *The Charlotte Observer* as he may order at a rate of 1½ Daily, 346 Sunday, and we, the undersigned, hereby agree to become responsible to for the payment of his bills, and promise, severally and collectively, to pay you on demand, the full amount due.

"The said C. D. Spears shall give you fifteen (15) days' written notice, signed by us, before discontinuing his order for *The Charlotte Observer* and we shall not be responsible for any accounts that may be incurred by him after fifteen days following such written notice.

"We further agree jointly and severally to become responsible to The Charlotte Observer Co. for any damage or expense incurred in changing the agency to another. Such damage or expense as failing to promptly and properly, turn over a complete list of all subscribers to the *Observer*, or switching them from the *Observer* to any other newspaper, etc.

"The said C. D. Spears agrees to make no claim for shortage in papers unless he give The Charlotte Observer Company written notice within twenty-four hours after such shortage or loss occurs. Written notice of any errors shown on weekly statements is to be given *at once* in writing to The Observer Company, and upon failure to do so within five (5) days from the time such statement is received, it is to be considered correct by all parties to this contract.

"It is further specifically agreed that this contract is made with reference to the law as of force in the State of North Carolina; this includes not only the Statutes of North Carolina, but the decision of the Courts of North Carolina on all the principles of law governing this contract. This is true whether the contract be the subject or basis of litigation in the State of North Carolina or in any other state.

"The within mentioned agent agrees: 1. To maintain present circulation; 2. to maintain to regular subscribers the published rate of The Observer Company, which is subject to change without notice.

"The Observer Company shall have the right to terminate this contract, through violation of Agent's Agreement, or otherwise without notice.

"This contract is to be in effect until breach thereof. 19—.

"In witness whereof, we have set our hands and seals, this 7th day of August, 1926.

> "Signed, C. D. Spears [L. S.] Agent.
> "Address, Bennettsville, S. C.
> "Occupation, ———.

"Signed, W. S. Stevens [L. S.] Guarantor,
"Address, Bank of Union.
"Occupation, Bennettsville, S. C.
"Signed, Chas. Peele [L. S.] Guarantor.
"Address, County Official.
"Occupation, ———.

"E. O. Ayscue, Representative for The Observer Company.
"Witness, R. J. Odom.

"In accepting the agency of the Observer Company, at Bennettsville, State of S. C., I hereby agree to make full payment of bills weekly, not later than Wednesday of each week; to secure and deliver my papers promptly on arrival. I will not transfer the Agency nor give a list of the subscribers to any one without a written order from The Observer Company, and I will use my best efforts to build up my list of subscribers for *The Charlotte Observer*. That all monies collected by me for the sale or subscription to *The Charlotte Observer* shall remain the property of The Observer Company until all claims due The Observer Company are paid, and I agree not to spend or convert to my personal interest any of said funds until a settlement is first made with The Observer Company, but The Observer Company is in no way responsible for my collections.

> "Signed, C. D. Spears (Agent).

"E. O. Ayscue, Representative for The Observer Company."

It would serve no useful purpose to discuss, or to state the testimony given at the trial. We deem it sufficient to state that, after carefully considering the same and after

careful examination of the entire record of the case, we are forced to the conclusion that, considering the testimony in the most favorable light for the plaintiff, under no reasonable inference can it be said that the defendant violated the contract between the parties. Therefore, in our opinion, the trial Judge erred in not granting the defendant's motion for a nonsuit.

There was no motion by the defendant for direction of a verdict. Therefore this Court cannot direct entry of judgment for the defendant under Rule 27.

The judgment of this Court is that the judgment of the Circuit Court be, and is hereby, reversed, and the case remanded for judgment of nonsuit.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN, BLEASE and STABLER concur.